IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MONTGOMERY BLAIR SIBLEY,**

    Plaintiff,

vs.                                          Case No. 4:07cv331-RH/WCS

**THE FLORIDA SUPREME COURT,**
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On July 31, 2007, the *pro se* Plaintiff filed a civil complaint against the Florida Supreme Court and each of the seven Justices of that Court. Doc. 1. Plaintiff, who paid the filing fee, simultaneously filed an "emergency motion for temporary restraining order, temporary injunction and declaration of Montgomery Blair Sibley in support thereof." Doc. 2. Plaintiff requests that the Florida Supreme Court and its Justices be enjoined "from proceeding with the determination of the Florida Bar disciplinary proceedings against Plaintiff pending resolution of the issues raised in the Complaint . . . ." Doc. 2, p. 1. Plaintiff's motion alleges the violation of his federal Constitutional rights in the

Case No. 4:07cv331-RH/WCS

disciplinary proceedings brought against him by the Florida Bar.  *Id.*  Plaintiff seeks a temporary restraining order to prevent the Florida Supreme Court from "proceeding with the attorney discipline process against Plaintiff . . . ."  *Id.*, at 16.

Plaintiff's civil rights complaint, doc. 1, contains allegations concerning formal complaints filed against Plaintiff by the Florida Bar that were proceeding in July of 2006.  Doc. 1, p. 3.  A referee was appointed.  Plaintiff is attempting here to challenge various events which have taken place within those proceedings.  *Id.*, at 4, *et seq.*  Plaintiff claims that the Referee blatantly ignored his duties is directing the proceedings, failed to rule upon several of Plaintiff's requests, held a case management conference late, did not give Plaintiff proper notice of the final hearing, and then failed to timely and properly serve Plaintiff with "a signed and dated copy of" his Report as file with the Florida Supreme Court.  *Id.*, at 4-7.

Plaintiff also discusses case SC04-2129, public records litigation in 2004, which was before the Florida Supreme Court.  *Id.*, at 7, *et seq.*  As part of that proceeding, Plaintiff sought public records and, after not receiving the records, brought a separate lawsuit in state court seeking access to the records.  *Id.*, at 8.  After an adverse ruling, Plaintiff filed an appeal in April, 2006.  *Id.*, at 8-9.  The Florida First District Court of Appeal affirmed *per curiam*, and Plaintiff petitioned the Florida Supreme Court for review.  *Id.*, at 9.  Plaintiff simultaneously moved to disqualify all Justices of the Florida Supreme Court.  *Id.*  Plaintiff's motion and petition were denied.  *Id.*

As a third matter raised in this complaint, Plaintiff alleges that in February, 2007, a political action committee, Florida J.A.I.L. 4 Judges, retained Plaintiff to represent it in

a suit to, among other things, obtain an injunction against The Florida Bar from "involving itself in the political activities related to the "Florida J.A.I.L. 4 Judges" initiative to amend the Florida Constitution. *Id.*, at 9-10. Once again, contemporaneously with the filing of a petition before the Court, Plaintiff filed a motion for disqualification of all the sitting Justices of the Florida Supreme Court. *Id.*, at 10. The motion was denied and the petition dismissed. *Id.*

From these events, several claims emerge. Plaintiff first challenges "the constitutionality of Defendant Florida Supreme Court's [judicial] disqualification rule both on its face and as applied. . . ." Doc. 1, p. 1. He contends that the ruling in In re Estate of Carlton, 378 So. 2d 1212, 1216 (Fla. 1980), that each justice must decide for himself or herself whether to recuse and need not explain why, violates the common law, Fifth Amendment, and Fourteenth Amendment. *Id.*, pp. 11-12.

Second, challenges rules from the Florida Supreme Court which "permit the adjudication of a [Bar] complaint and imposition of a sanction against a Florida-admitted attorney without requiring witness to make accusations upon oath or permitting the calling of witnesses in defense." *Id.*, at 12.

Plaintiff's third claim challenges another rule permitting imposition of sanctions against a Florida attorney "for filing federal claims . . . ." *Id.*, at 13-14. Plaintiff here does not cite to a rule by number or quote the text of such rule, and it is doubtful that such a rule exists as alleged. It is more probable that Plaintiff complains about being sanctioned for bringing frivolous federal (and state) claims.

Plaintiff's fourth claim challenges "Florida Bar Rule 3-7.6(f)(1)," stating that a "disciplinary proceeding is neither civil nor criminal but is a quasi-judicial administrative proceeding." *Id.*, at 15.  He contends that the proceeding is quasi-criminal based upon Supreme Court precedent.

This is not Plaintiff's first case challenging Bar disciplinary proceedings.  Plaintiff filed case number 4:06cv360-SPM/WCS, attempting to remove a Bar disciplinary action to this Court from the Florida Supreme Court in July of 2006.  I entered a report and recommendation in that action, doc. 4, finding no basis for removal and recommending that the case be remanded to the Florida Supreme Court for lack of jurisdiction.  The report and recommendation was adopted and the case was remanded to state court on September 11, 2006.  Doc. 11.

Plaintiff also brought case number 4:06cv314-RH/WCS in this Court to challenge events which took place in the Florida Supreme Court when the clerk's office of that court failed initially to file a paper submitted by Plaintiff as an attorney representing a client.  That case was dismissed several months after it was filed.  The order of dismissal adopted the two report and recommendations entered in that case, but declined to impose Rule 11 sanctions.  Doc. 22 of case number 4:06cv314.

In both of the prior cases, the orders of dismissal cited to Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Plaintiff has been adequately advised by this Court in his previous cases that federal district courts may not review final decisions of a state court.  *See*, *e.g.,* doc. 16 in case number 4:06cv314.

Case No. 4:07cv331-RH/WCS

Plaintiff's claims here are intertwined with decisions from the Florida Supreme Court, which denied his motions for judicial disqualification (recusal) and denied his petitions, and with the ongoing Bar disciplinary proceedings in which he is currently involved.  This Court cannot review those rulings.  Plaintiff cannot recast his claims as challenges to "rules" of the Florida Supreme Court, particularly since they are, for the most part, judicial rulings, not rules.  Defendant may bring exactly the same claims before the Florida Supreme Court in any case pending before that court in which he has standing.  Plaintiff's only recourse thereafter, with respect to past or future rulings of the Florida Supreme Court, is in the United States Supreme Court.  Moreover, as is evident from the emergency motion, doc. 2, Plaintiff is seeking to delay Florida Bar disciplinary proceedings against himself.  This Court cannot interfere in the Bar disciplinary proceedings.  *See* Burford v. Sun Oil Co., 319 U.S. 315 (1943); Cleveland Bar Ass'n v. Woods, No. 5:06cv462, 2006 WL 721781, at *2-3 (N.D. Ohio 2006), *cited in* case number 4:06cv360-SPM/WCS, doc. 11.

There is no need to permit Plaintiff to serve this action and have Defendants endure the expense of defending another entirely frivolous case.  This case should be summarily dismissed for lack of jurisdiction and because it is frivolous.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED,** that his emergency motion for temporary restraining order, doc. 2, be **DENIED** as this Court does not have subject matter jurisdiction over

this action, that all other pending motions be **DENIED**,[1] and that Plaintiff be warned of the possibility of FED. R. CIV. P. 11 sanctions being imposed should he continue to file such claims in this court against the Florida Supreme Court, the Justices thereof, or The Florida Bar.

**IN CHAMBERS** at Tallahassee, Florida, on August 8, 2007.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Plaintiff filed a motion seeking to have the Clerk of Court ordered to provide a password so that he could have electronic access to file pleadings on CM/ECF.  Doc. 6.

Case No. 4:07cv331-RH/WCS