IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MONTGOMERY BLAIR SIBLEY,

    Plaintiff,

v.                                                      CASE NO. 4:07cv331-RH/WCS

THE FLORIDA SUPREME COURT,
et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This matter is before the court on the magistrate judge's report and recommendation (document 8), and the objections thereto (document 11). The report and recommendation concludes that the action should be dismissed. Separately, defendants have moved to dismiss. Plaintiff Montgomery Blair Sibley has filed a combined response to the motion to dismiss and set of comprehensive objections to the report and recommendation. I have reviewed the matter *de novo*.

At the outset, it should be noted that the filing of the motion to dismiss and Mr. Sibley's response eliminate any question about whether, as the report and

recommendation originally concluded, the action could and should be dismissed *sua sponte*. And in any event, the law of the circuit allows *sua sponte* dismissal, so long as a plaintiff is afforded an opportunity to be heard. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 Fed. Appx. 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006) (unpublished); *Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc.*, 695 F.2d 524 (11th Cir. 1983). The filing of the report and recommendation, accompanied by an express opportunity (which Mr. Sibley accepted) to be heard through the filing of objections, met the prerequisites to *sua sponte* dismissal.

Mr. Sibley is correct that, in appropriate circumstances, a plaintiff can bring in federal district court a prospective challenge to state rules governing bar admissions and disciplinary proceedings. A plaintiff cannot, however, challenge in federal court his own ongoing state bar admission or disciplinary proceedings. Thus, for example, in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982), the Supreme Court held that a federal action seeking injunctive relief from ongoing bar disciplinary proceedings was barred by the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). This court has repeatedly dismissed on this basis challenges to ongoing Florida bar admission or disciplinary proceedings, and the Eleventh Circuit has repeatedly affirmed. *See, e.g., Stoddard v. Fla. Bd. of Bar*

*Examiners*, No. 4:06cv414-RH/WCS (N.D. Fla. Dec. 22, 2006), *aff'd*, 229 Fed. Appx. 911, 2007 WL 2071720 (11th Cir. July 20, 2007) (unpublished).

Mr. Sibley says, though, that he is not challenging the ongoing bar disciplinary proceedings against him, just the state's rules under which those proceedings are being conducted. He also says he seeks not only injunctive relief, but also declaratory relief. *Younger* and *Middlesex* would be rendered trivial indeed if a litigant could avoid their import simply by articulating his challenge in slightly different language and accomplishing the same result, as Mr. Sibley has attempted to do. Mr. Sibley's challenge is not meaningfully distinguishable from *Middlesex* or *Stoddard*. This action, like those, must be dismissed.

One other point deserves mention. Mr. Sibley challenges the Florida Supreme Court policy allowing a justice to make his or her own recusal decision. Mr. Sibley says this is unconstitutional. Because this is also the practice in the United States Supreme Court, one doubts it is unconstitutional. But the issue is not properly presented here. This claim, like any other challenge to the constitutionality of procedures being followed in the ongoing proceeding, is barred by *Younger* and *Middlesex*.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk shall enter

judgment stating, "This action is DISMISSED without prejudice."  The clerk shall close the file.

    SO ORDERED this 8th day of September, 2007.

                                            s/Robert L. Hinkle
                                            Chief United States District Judge